Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiffs*
*Coach, Inc. and Coach Services, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation, and COACH SERVICES, INC., a Maryland Corporation,<br><br>  Plaintiffs,<br>   vs.<br>FASHION TIME, an unknown business entity; and DOES 1-10, inclusive,<br>  Defendant. | CASE NO. CV 12-4441 R (SHx)<br><br>**ORDER GRANTING CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE**<br><br>JS-6 |

WHEREAS Plaintiffs Coach, Inc. and Coach Services, Inc. ("Coach") and Defendant Fashion Time have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter.  Defendant, having agreed to consent to the below terms, it is hereby **ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

1. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components ("Coach Marks").  Amongst the many Coach Marks, one of the most well-known and recognized marks is Coach's

1  Signature "C" Mark (see below).  Coach has used the Signature "C" Mark in
2  association with the sale of goods since as early as 2001.  The Signature "C" Mark was
3  first registered at the U.S. Patent and Trademark Office on September 24, 2002.
4  Registrations for the Signature "C" Mark include, but are not limited to, U.S. Reg.
5  Nos. 2,592,963; 2,626,565; and 2,822,318



  3.   Coach's "Signature" line of goods features the Signature "C" Mark in a repeating pattern in various sizes, patterns and colors ("CC Design").  The CC Design is nonfunctional and its inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Coach as the source of high quality goods, and is thus a protectable trade dress.

  4.   Plaintiffs have alleged that Defendant's importation, distribution, advertisement, offering for sale, and sale of products which infringe upon Coach's Signature "C" Mark and CC Design constitute trademark infringement, trade dress infringement, trademark dilution, and unfair competition under the Lanham Trademark Act, 15 U.S.C. § 1051, et. seq. and under the common law.

  5.   Defendant and its agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon the Coach Marks, include either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product bearing the Signature "C" Mark, or marks confusingly similar or substantially similar to Coach's Signature "C" Mark, and, specifically from:

  (a)   Using Coach's Signature "C" Mark and/or CC Design or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the

manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Coach, or in any manner likely to cause others to believe that Defendant's products are connected with Coach or Coach's genuine merchandise;

    (b)    Passing off, inducing or enabling others to sell or pass off any products or other items that are not Coach's genuine merchandise as and for Coach's genuine merchandise;

    (c)    Leasing space to any tenant who is engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping, marketing of Infringing Products;

    (d)    Committing any other acts calculated to cause purchasers to believe that Defendant's products are Coach's genuine merchandise unless they are such;

    (e)    Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing the Coach Marks, or any reproduction, counterfeit, copy or colorable imitation thereof, except as otherwise provided in the parties' settlement agreement; and

    (f)    Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 4(a) to 4(e) above.

    6.    Without any admission of liability, the parties have agreed that Defendant shall pay to Plaintiff an amount in settlement of Plaintiff's demand for damages, profits, costs, disbursements, and attorneys' fees based upon Defendant's alleged infringing activities. Plaintiffs and Defendant shall bear their own costs associated with this action.

    7.    The execution of this Final Judgment shall serve to bind and obligate the parties hereto.

8. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice.

**IT IS SO ORDERED.**

DATED: September 10, 2012

_____
Hon, Manuel L. Real
**United States District Judge**